FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 3 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HAMPTON HOMESTEAD, LLC     :
                                        :

     Plaintiff,              :     CASE NUMBER
                                          :     1:18-cv-00059-WSD-LTW

vs.                           :
                                          :

PAULETTE WALKER,        :
                                          :

     Defendant.           :

_____ :

## PLAINTIFF'S MOTION TO REMAND CASE

COMES NOW, Hampton Homestead, LLC, Plaintiff, pursuant to 28 U.S.C. § 1447(c), by and through its attorney at law, and files this, its motion to remand this case to the Magistrate Court of Fulton County, Georgia. Along with this motion, Plaintiff submits its brief in support of same.

Based on the facts, arguments, and citations of law contained in its motion and supporting brief, Plaintiff respectfully requests that this Court:

a)     Grant its motion and remand this case to the Magistrate Court of Fulton County, Georgia: and

b)     Require Defendant to pay just costs and any actual expenses, including attorney fees, incurred by Plaintiff as a result of the removal;

and

c)    For such other and further relief as this Court deems just and appropriate under the circumstances.

Submitted this 23rd day of January, 2018.

**LESLIE A. ERWIN, P.C.**

Leslie A. Erwin
Georgia Bar Number 205430
Attorney for Plaintiff

**LESLIE A. ERWIN, P.C.**
70 Macon Street
McDonough, Georgia 30253
(678) 782-5808

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HAMPTON HOMESTEAD, LLC :
:
      Plaintiff, :     CASE NUMBER
:     1:18-cv-00059-WSD-LTW
vs. :
:
PAULETTE WALKER, :
:
      Defendant. :
_____ :

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND CASE

COMES NOW, Hampton Homestead, LLC, Plaintiff, by and through its attorney at law, and files this, its brief in support of motion to remand this case to the Magistrate Court of Fulton County, Georgia, respectfully showing this Court the following:

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 13, 2017, Plaintiff filed its Dispossessory Affidavit in the Magistrate Court of Fulton County, Case No. 17ED059214, against Defendant Paulette Walker, seeking possession of its property and payment of past due rent,

fees, and court costs.[1] On December 13, 2017, Defendant was served with summons and a copy of the Dispossessory Affidavit.[2] On December 19, 2017, Defendant filed her Answer to the Dispossessory Affidavit.[3] On January 4, 2018, Defendant filed her Notice of Removal and Federal Stay of Eviction Pursuant to 28 U.S.C.A. 1446(d)[4], and as a result, on January 9, 2018, the Magistrate Court of Fulton County entered its Order to Stay Proceedings.[5] Plaintiff responds to Defendant's removal action as follows:

## ARGUMENT AND CITATION OF AUTHORITY

A civil action filed in a state court may be removed to a district court if the matter falls within the original jurisdiction of the federal court.[6] Original jurisdiction exists if the matter arises under the Constitution, laws, or treaties of the United States: 1) under 28 U.S.C. §1331, ("federal question"); 2) if the amount

---

[1] A true and correct copy of the Dispossessory Affidavit is attached hereto as Exhibit "1" and incorporated herein by this reference.
[2] See Exhibit 1.
[3] A true and correct copy of the Answer is attached hereto as Exhibit "2" and incorporated herein by this reference.
[4] A true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit "3" and incorporated herein by this reference.
[5] A true and correct copy of the Order to Stay Proceedings is attached hereto as Exhibit "4" and incorporated herein by this reference.
[6] 28 U.S.C. §1441(a).

in controversy exceeds $75,000 and there is diversity of citizenship between the parties under 28 U.S.C. §1332, ("diversity"); or 3) if the subject matter of a putative state-law claim has been totally pre-empted by federal law.[7] As federal jurisdiction is limited, uncertainties regarding jurisdiction are resolved in favor of remand.[8]

Removal is only permissible when a plaintiff's claim could have been filed in federal court originally.[9] To determine whether a matter is removable, a court must look to the plaintiff's complaint.[10] If a federal question is not presented on the face of the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense."[11] Similarly, if diversity of citizenship is raised as the basis for removal, a court must look only to a plaintiff's complaint to determine if the amount in controversy is satisfied.[12] Under either federal question or diversity jurisdiction, the defendant bears the burden of proving that federal jurisdiction

---

[7] Caterpillar Inc. v. Williams, 482 U.S. 386, 392-393 (1987),
[8] Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).
[9] Id.
[10] Id.
[11] Pan Am. Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 663 (1961).
[12] CitiMortgage, Inc. v. Dhinoja, 705 F.Supp.2d 1378, 1382 (N.D. Ga., 2010).

exists.[13]

In the instant matter, Defendant can present no set of facts or legal authority under which this matter can be removed to federal court. Here, Plaintiff filed a dispossessory affidavit in a state court, specifically the Magistrate Court of Fulton County, Georgia, pursuant to O.C.G.A. §44-7-50.[14] The dispossessory claim that forms the basis of this action is exclusively a matter of state law.[15] No federal question or federal preemption arises under a state law dispossessory action between private parties.[16] As such, no federal question is presented on the face of the Dispossessory Affidavit. Even if Defendant raised a federal defense in her Answer, which she did not,[17] any such assertion would be insufficient to invoke federal jurisdiction.[18] Further, Defendant's assertion in her notice of removal that the dispossessory "proceedings occurring in violation of 15 U.S.C.A. 1628(a) and the Fourteenth Amendment of the U.S. Constitution" is immaterial and likewise

---

[13] (Citations omitted.) Murphy v. Aventis Pasteur, Inc., 270 F.Supp.2d 1368, 1373 (N.D. Ga., 2003).
[14] See Exhibit 1.
[15] Dhinoja, 705 F.Supp.2d at 1381.
[16] See Caterpillar, 482 U.S. at 392.
[17] See Exhibit 2.
[18] Pan Am. Petroleum Corp., 366 U.S. at 663.

insufficient to invoke federal jurisdiction.[19]

Additionally, any assertion that Defendant might raise that federal jurisdiction arises as a result of diversity must also fail. Even if Defendant could successfully assert diversity of citizenship between the parties as the basis for removal, Defendant cannot meet the amount in controversy requirement under 28 U.S.C. §1332. Plaintiff's Dispossessory Affidavit specifies that Plaintiff seeks to recover possession of its real property along with past due rent in the amount of $1,247, late fees in the amount of $75, dispossessory fee of $100, and future rent during the pendency of the litigation at the rate of $1,250 per month.[20] Such amounts, even in the aggregate, constitute a sum certain well under the amount in controversy requirement.

Thus, regardless of the basis for removal asserted by Defendant, Defendant's removal action must fail. Moreover, Defendant could not have reasonably believed that her removal action would be successful, and thus, the only purpose for filing a notice of removal in this dispossessory action would be for purposes of delay. Whenever it appears that the district court lacks subject

---

[19] Dhinoja, 705 F.Supp.2d at 1381.

LESLIE A. ERWIN, P.C. 70 Macon Street McDonough, Georgia 30253 Telephone: (678) 782-5808 Facsimile: (678) 782-6860
leslieaerwinlaw@gmail.com

matter jurisdiction over a removed case, the court shall remand the case and "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[21] Because Defendant could have only filed her notice of removal for purposes of delay, Plaintiff moves the court to invoke the provisions of Section 1447(c), and require that Defendant pay Plaintiff's actual expenses incurred as a result of removal.[22]

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court GRANT its motion and remand this case to the Magistrate Court of Fulton County, Georgia, require Defendant pay to Plaintiff an amount equal to the attorney fees and costs incurred by Plaintiff as a result of the removal, and for such other and further relief as this Court deems just and appropriate under the circumstances.

---

[20] See Exhibit 1.
[21] 28 U.S.C. §1447(c).
[22] A true and accurate copy of the Affidavit and invoice for legal services incurred as a result of removal is attached hereto as Exhibit "5" and incorporated herein by this reference.

Respectfully submitted, this 23rd day of January, 2018.

                                        **LESLIE A. ERWIN, P.C.**

                                        Leslie A. Erwin
                                        Georgia Bar Number 205430
                                        Attorney for Plaintiff

**LESLIE A. ERWIN, P.C.**
70 Macon Street
McDonough, Georgia 30253
(678) 782-5808

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing **Plaintiff's Motion to Remand Case and Plaintiff's Brief in Support of Motion to Remand Case** via first class mail, addressed as follows:

Paulette Walker
2715 Thornbury Way
College Park, Georgia 30349

This 23rd day of January, 2018.

LESLIE A. ERWIN, P.C.

Leslie A. Erwin
Georgia Bar Number 205430
Attorney for Plaintiff

**LESLIE A. ERWIN, P.C.**
70 Macon Street
McDonough, Georgia 30253
(678) 782-5808

# MAGISTRATE COURT OF FULTON COUNTY, STATE OF GEORGIA

## PROCEEDING AGAINST TENANT HOLDING OVER

HAMPTON HOMESTEAD, LLC
PO BOX 1613
HAMPTON GA 30228
678-592-5735 / KATHY@HAMPTONHOMESTEAD.COM

> Dispossessory Division
> 185 Central Avenue, SW
> TG100
> Atlanta, GA 30303
> (404) 613-5360
> www.magistratefulton.org

**EXPEDITED**

**VS**

**CASE # 17ED059214**

AMENDED STREET TO THORNBURY FROM THRONBURY

PAULETTE WALKER, , , , ,
AND ALL OTHER OCCUPANTS

2715 THORNBURY WAY

COLLEGE PARK GA 30349

> Attorney:
>
> c2c/HAMPTON HOMESTEAD, LLC
> Evict #

1. Defendant is in possession as tenant of premises at the address in Fulton County as stated above.
2. Affiant is the OWNER
3. Defendant: TENANT FAILS TO PAY THE RENT WHICH IS NOW DUE;
4. Plaintiff desires and has demanded possession of the premises.
5. Defendant has failed and refused to deliver possession of the premises.
   **WHEREFORE, Plaintiff DEMANDS:**
   (a) Possession of the premises
   (b) Past due rent of $ 1,247.00 for the month(s) of DECEMBER;
   (c) Rent accruing up to the date of judgment of vacancy at the rate of $ 1,250.00 per month
   (d) Other: $ - $75 LATE FEE, $100 DISPO ADMIN FEE AND ALL COURT COSTS.

"By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct."

**Affiant:** KATHRYN MEREMONTE        **12/13/2017**

## SUMMONS

**TO THE MARSHAL** of the Magistrate Court of Fulton County or his lawful deputies and to the Sheriff of Fulton County or his lawful deputies.

**GREETINGS:** The tenant must f le either an oral or written Answer at Room TG400, 185 Central Avenue S.W. Atlanta, Georgia 30303 between 8:30 A.M.and 5:00 P.M. within seven (7) days from the date of the actual service unless the seventh day is a Saturday, a Sunday, or a Court holiday, in which case the Answer may be made on the next day which is not a Saturday, a Sunday, or a Court holiday. If the Answer is oral, the substance thereof shall be endorsed on the dispossessory affidavit. The Answer may contain any legal or equitable defense or counterclaim. If no valid legal or factual Answer is filed, a writ of possession may be issued pursuant to O.C.G.A. § 44-7-53. If no Answer is made, a writ of possession shall issue instanter.

**WITNESS** the Honorable Chief Judge of said Court: The above affidavit was sworn to and subscribed before the undersigned Deputy Clerk by affiant as provided by O.C.G.A. § 44-7-50 and summons issues pursuant thereto.

**Deputy Clerk:**        Issued on:

## PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE

I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same;
( ) PERSONALLY ( ) DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
( X ) NOTORIOUSLY on an individual residing at the premises (name of person served) TATIANNA WILLIAMS Deponent further states that the person served was of suitable age and discretion. Age 35 Wt. 190 Ht. 5'7
( ) TACK & MAIL Posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE: **12/13/2017**        DEFENDANT TO ANSWER ON OR BEFORE: **12/20/2017**

"By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct."

**Professional Process Server:** /s/Jennifer Feathers        **12/13/2017**



1

Fulton County Magistrate Court
***E-FILED***KC
Date: 12/19/2017 12:16 PM
Cathelene Robinson, Clerk
17ED059214

# MAGISTRATE COURT OF _____Fulton_____ COUNTY, GEORGIA

Date Filed __12/19/2017__                                    Case No: __17ED059214__

HAMPTON HOMESTEAD, LLC
PO BOX 1613
HAMPTON GA, 30228
**Plaintiff(s) Name, Address**                          **DISPOSSESSORY PROCEEDING**
vs.

all others                                              **ANSWER**
PAULETTE WALKER
2715 THORNBURY WAY COLLEGE PARK GA, 30349
**Defendant(s) Name, Address**

---

**(Please note and then use another sheet(s) for additional space, as needed.)**

___✓___  I am the Defendant. I am filing an Answer I state the following in response to Plaintiff's claim in this lawsuit:

_____  I do not have a landlord tenant relationship with the plaintiff.

_____  My landlord did not give me the proper notice that my lease or rental agreement was terminated in accordance with the terms of our lease. The landlord did not properly demand that I move before filing the lawsuit.

_____  My landlord terminated my lease without a valid reason.

_____  I do not owe any rent to my landlord.

_____  I offered and had the money to pay my rent on or before the date I usually pay, but my landlord refused to accept it.

_____  My landlord would not accept my rent, correct late fees and the court costs. I had all the money to pay.

_____  My landlord failed to repair the property. This failure has lowered its value or resulted in other damages more than the rent claimed.

___✓___  I am a residential tenant. This is my first dispossessory action. I am paying all my rent, late fees and court costs to the clerk.

_____  My landlord is not entitled to evict me or secure a money judgment for the following additional reasons: (attach if necessary)

---

**COUNTERCLAIM -   (Please note and then use another sheet(s) for additional space, as needed.)**

_____   My landlord owes me _____ for the following reason(s):

_____   My landlord failed to repair my property. Due to this failure, its value has been reduced                    each month
for_____ months.

_____   Since my landlord failed to make requested repairs, I made these repairs. I made these repairs that cost           ,           I have
all my receipts. I will bring the receipts and all documents concerning these payments to my trial.

_____   My landlord's failure to repair resulted in damages of                    to my person and/or property.

WHEREFORE, I ask this Court to:
(a)     Dismiss Plaintiff's lawsuit with all costs assessed against Plaintiff.
(b)     Enter a judgment in my favor and against Plaintiff
(c)     Plus attorney's fees in the amount of _____ pursuant to _____; and
(d)     Grant such other and further relief as the Court deems just and proper.

/s/ PAULETTE WALKER
Signature of Defendant filing answer/ Attorney

PAULETTE WALKER
2715 THORNBURY WAY                    Bar # _____
COLLEGE PARK GA, 30349

This 19th day of December_____, 20 17

/s/ PAULETTE WALKER
DEFENDANT                                           DEPUTY CLERK

**EACH DEFENDANT MUST FILE THEIR OWN ANSWER. Attorneys may file answers for more than one defendant, pro se litigants cannot.**

MAG 30-03 DISPOSSESSORY ANSWER.DOC



RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 04 2018

JAMES N. HATTEN, Clerk
By: ____  Deputy Clerk

Fulton County Magistrate Court
***E-FILED***CC
Date: 1/4/2018 12:06 PM
Cathelene Robinson, Clerk
17ED059214

# IN UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORIGIA

## ATLANTA DIVISION

PAULETTE WALKER

Petitioner

VS.

HAMPTON HOMESTEAD, LLC

Respondent

FEDERAL CASE NO.
1:18-CV-0059

STATE MAGISTRATE COURT

CASE NO: 17ED059214

### NOTICE OF REMOVAL and FEDERAL STAY OF EVICTION PURSUANT TO 28 U.S.C.A. 1446(D)

TO:

You are hereby notified of the filing of a Petition for removal in the United States District Court for the Northern District of Georgia, Atlanta Division of the above stated case from the Magistrate Court Fulton County in accordance with the provisions of 28 USCA 1446 Judiciary and Procedure.

The proceedings occurring in violation of the, 15 USC 1692(A), and the Fourteenth Amendment of the U.S . Constitution Pursuant to the provisions of



3

section 28 USCA 1446(d) the Magistrate Court of Fulton County shall not proceed

with any judicial proceedings against the of the petitioner until this case is

remanded or so ordered from the United States District Court.

Petitioner

Pro se

Receipt is hereby acknowledged of the foregoing written notice and of filing the
petition for removal.

Cc

Clerk of the Magistrate Court of Fulton County

Fulton County Magistrate Court
***E-FILED***CC
Date: 1/9/2018 7:30 PM
Cathelene Robinson, Clerk
17ED059214

## IN THE MAGISTRATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**HAMPTON HOMESTEAD, LLC,** Plaintiff/Landlord,

v.                                                    File No. 17ED059214

**PAULETTE WALKER; all others,** Defendant/Tenant.

### ORDER TO STAY PROCEEDINGS

This matter came before this Court on January 9, 2018.

This Court received a Notice of Removal filed on January 4, 2018. Accordingly, this matter is hereby STAYED.

IT IS SO ORDERED, this __9__ day of __Jan__ - 2018.

_____
JUDGE S. MILLENDER
FULTON COUNTY MAGISTRATE COURT

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HAMPTON HOMESTEAD, LLC                  :
                                        :
    Plaintiff,                       :        CASE NUMBER
                                        :        1:18-cv-00059-WSD-LTW
vs.                                     :
                                        :
PAULETTE WALKER,                        :
                                        :
    Defendant.                       :
_____ :

## <u>AFFIDAVIT</u>

Personally appeared, Leslie A. Erwin, in her capacity as counsel for Hampton Homestead, LLC, Plaintiff in the above-styled matter, who, after being duly sworn, states that the following facts are within my personal knowledge and are true and correct:

### 1.

My name is Leslie A. Erwin. I am over the age of eighteen and competent in all regards to give this affidavit.

### 2.

I give this affidavit of my own personal knowledge.

LESLIE A. ERWIN, P.C. 70 Macon Street McDonough, Georgia 30253 Telephone: (678) 782-5808 Facsimile: (678) 782-6860
leslieaerwinlaw@gmail.com

1

5

3.

I am the founder of the law firm of Leslie A. Erwin, P.C., located at 70 Macon Street McDonough, Georgia 30253.

4.

I am an attorney in good standing with the State Bar of Georgia.

5.

I have been retained as counsel for Hampton Homestead, LLC, Plaintiff in the above-styled matter.

6.

My typical hourly rate for legal services is $150.

7.

This hourly rate is reasonable for attorneys with my experience and expertise in the metropolitan Atlanta Area.

8.

I have agreed to represent the Plaintiff in the above-captioned matter on an hourly fee basis.

9.

During the course of representation, I have spent time doing the following activities: consulting with my client, reviewing the pleadings, and related documents, researching applicable case law, and drafting a Motion for Remand, proposed Order and this Affidavit.

10.

The hourly fees and expenses charged in this matter through January 20, 2018, total $750.00. A true and accurate copy of the Detailed Billing Statement reflecting this amount is attached hereto as Exhibit "A" and incorporated herein by this reference. Such amount is reasonable for an attorney with my experience and expertise in the Atlanta Metropolitan area.

11.

Such activities were reasonable and necessary in order to adequately represent the Plaintiff's interests in this matter.

Respectfully submitted this 23rd day of January, 2018.

                                        **LESLIE A. ERWIN, P.C.**

                                        Leslie A. Erwin
                                        Georgia Bar Number 205430
                                        Attorney for Plaintiff

**LESLIE A. ERWIN, P.C.**
70 Macon Street
McDonough, Georgia 30253
(678) 782-5808

# JANUARY 2018 DETAILED BILLING STATEMENT

CLIENT:        Hampton Homestead, LLC
MATTER:        Dispossessory – Paulette Walker

| DATE | DESCRIPTION | RATE | TIME | TOTAL FEES | EXPENSES |
|---|---|---|---|---|---|
| 01-17-18 | Telephone conference with client regarding tenant removal issue with /dispossessory matter | $150 | .7 | $105 | |
| 01-19-18 | Research and update case law on federal jurisdiction question; draft Motion for Remand; draft proposed Order | $150 | 4.0 | $600 | |
| 01-20-18 | Revise and finalize Motion and proposed Order | $150 | .3 | $45 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| TOTAL | | | | $750 | |



Exhibit
"A"